**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00007-JLK-CYC

**CONSTANCE KNIGHT AND ROGER KNIGHT**

Plaintiffs,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

Defendant.

---

**DEFENDANT'S OBJECTION TO RECOMMENDATION [DKT. 75] WITH RESPECT TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. 56]**

---

Defendant State Farm Mutual Automobile Insurance Company (hereafter "State Farm"), by and through its attorneys, SGR LLC, submits the following Objection to Magistrate Judge Cyrus Y. Chung's Recommendation (Dkt. 75) with Respect to Defendant's Motion for Summary Judgment (Dkt. 56).

**Certificate of Conferral with D.C.COLO.LCivR 7.1(a)**: The parties conferred and this Motion is opposed.

## I. Legal Standard

Upon an objection to a magistrate judge's recommendation pertaining to a dispositive issue, the Court reviews the magistrate judge's recommendation de novo. F.R.C.P. 72(b)(3). "A party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## II. Objection With Respect to Defendant's

**Motion For Summary Judgment on Failure to Cooperate (Dkt. 56)**

The Magistrate Judge's recommendation ("Recommendation," Dkt. 75) holds that a carrier must comply with "the letter" of C.R.S. § 10-3-118, Colorado's Failure to Cooperate Statute (the "FTC Statute"), even when a case is in litigation. This is concerning because the FTC Statute does not set forth that it abrogates the Rules of Civil Procedure. Once a lawsuit is filed, a plaintiff is obligated under F.R.C.P. 26(a)(1) to disclose, among other things, "a copy – or description by category and location – of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." F.R.C.P. 26(a)(1)(A)(ii). This must be done "without awaiting a discovery request." F.R.C.P. 26(a)(1)(A).

In this case, before suit was even filed, defendant sought to obtain information regarding plaintiff's UIM claim including an Authorization for Release of Information ("ARI") and a Medical Provider Summary ("MPS") on May 8, 2020, September 3, 2020, November 23, 2020, May 12, 2020, December 8, 2021, February 3, 2022, April 29, 2022, May 13 and 31, June 21, July 11, 2022, and July 28, 2022. (February 2, 2024 Arguello report, Dkt. 56-2, p. 11-13, 17-18, 22-24). December 6, 2022, plaintiff represented that the "complete universe" of records "to date" had been provided to State Farm. (*Id.*, Dkt. 56-2, p. 29). Suit was filed December 9, 2022. (Dkt. 5). After suit was filed, plaintiff's F.R.C.P. 26(a)(1) initial disclosures were received by defendant but they were incomplete. Defendant then sent written discovery seeking the information. (*See generally*, Discovery Req., Dkt. 57-6). Plaintiffs were obligated under both the disclosure and discovery rules to produce the information. Then plaintiffs endorsed experts, including medical experts and experts on a purported wage loss claim. (Pl.'s Expert Disc., Dkt. 57-5, p. 4-5; *see also*, Brown Report, Dkt. 58-1; Knight Report, Dkt. 57-1). State Farm had by this time complied with the FTC Statute: letters requesting the information were sent both pre-

and post-litigation that described with particularity the information needed and the policy language indicating the failure, the information sought was reasonably necessary to adjust plaintiff's claim, the information was requested within sixty days, and plaintiffs were given well over 120 days to provide the information that State Farm needed.

Defendant respectfully submits the Court's interpretation of the timing necessary for letters requesting information was mistaken. The FTC Statute does not require that a carrier send its second request for information (to allow plaintiffs to cure a deficiency) within the first sixty-day period from when the first letter was sent. (The FTC Statute indicates that a claimant must provide the information within sixty days to cure the deficiency. The "within sixty days" language refers to that requirement, rather than the timing of the letter. Otherwise, the letter would have to be sent within the first sixty-day time period, which would violate the FTC Statute's requirement giving the claimant sixty days before the next sixty-day letter can be sent.)

The Recommendation, Dkt. 75, indicates defendant did not "contend otherwise" with respect to the Magistrate Judge's description of the type of compliance required by the FTC Statute. (Dkt. 75, p. 7). Respectfully, defendant disagrees. At the Motions hearing, defendant indicated the FTC Statute does not require particular language or wording, and that defendant's actions in this case were compliant with the FTC Statute, and additionally, *Wenzell* is not controlling as it is on appeal. *Wenzell v. United Servs. Auto. Ass'n,* 2024 COA 40, ¶ 36.

At pages 8-9 of the Recommendation, Dkt. 75, the Magistrate Judge opines that not being able to assert the failure to cooperate defense is not prejudicial to a defendant, who can show its conduct was reasonable using evidence of non-compliance with requests for information. This misapprehends the scope of the claims asserted in this case, upon which judgment was sought by defendant in its Motion for Summary Judgment (Dkt. 56). The failure to cooperate defense is a

complete defense that bars all of plaintiff's claims. *Hall v. Allstate Fire & Cas. Ins. Co.*, 20 F.4th 319, 1325 (10th Cir. 2021); *see also*, *Pitcher v. Auto-Owners Ins. Co.*, 21-CV-00697-MEH, 2022 WL 1135710 (D. Colo. Apr. 18, 2022). Being stripped of that defense when defendant engaged in multiple efforts to obtain plaintiff's compliance with her duty to cooperate and her duty to comply with the Federal Rules of Civil Procedure would be severely prejudicial to defendant, both because it would be forced to incur the expense of litigating this matter through trial (rather than having plaintiff's claims dismissed on summary judgment), and because it would lose the availability of a threshold affirmative defense.

### III. Objection With Respect to Defendant's Motion For Summary Judgment on Statutory Delay and Common Law Bad Faith Claims (Dkt. 56)

Respectfully, the Recommendation, Dkt. 75, confuses the claims being made and the burdens of proof in this matter. In a UIM claim, plaintiff has the burden of proving her claims for statutory delay and common law bad faith. *Peterson v. USAA Life Ins. Co.*, 353 F. Supp. 3d 1099, 1105 (D. Colo. 2018), *aff'd*, 814 F. App'x 408 (10th Cir. 2020). Because plaintiffs had that burden, defendant's Motion for Summary Judgment was required to show an absence of disputed facts with respect to those claims. (*See*, Motion for Summary Judgment, Dkt. 56, p. 6 (citing *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994)). The burden then shifted to plaintiffs to show by record evidence that disputed facts existed. *Id*. Thus, defendant respectfully disagrees with the Recommendation's language on Dkt. 75, p. 11. (The burden is not on defendant to prove in its Motion for Summary Judgment that its actions were reasonable at the outset.)

In the Recommendation, the Court identified the facts in the list below as those plaintiffs claimed were disputed in the Response to Defendant's Motion for Summary Judgment (Dkt. 62).

Respectfully, defendant met its burden of demonstrating by record evidence and applicable law that defendant had complied with industry standards with respect to each claimed fact:

- The Recommendation cited plaintiffs' allegation that it was unreasonable for State Farm not to take a recorded statement of plaintiff, Dr. Knight (Dkt. 75, p. 12); State Farm showed its actions were compliant with industry standards because plaintiffs do not identify what State Farm could have discovered but did not, despite not taking a recorded statement of plaintiff. (Motion, Dkt. 56, p. 12 (citing *Vansky v. State Farm Auto. Ins. Co.*, 20-CV-01062-PAB-NRN, 2022 WL 900160, at *7)). Although plaintiffs' Response identifies multiple areas that defendant could have <u>inquired</u> about, it identifies no <u>facts</u> that would have been uncovered in that inquiry, and which should have been. (Response, Dkt. 62, p. 18).
- The Recommendation cited plaintiffs' expert's opinion that State Farm's actions fell below industry standards by not tolling the statute of limitations. (Dkt. 75, p. 12). Yet, neither plaintiffs, plaintiffs' expert, nor the Magistrate Judge in the Recommendation suggest how that would have had a material impact on the case in light of the failures to cooperate, nor is there any authority cited for the proposition that tolling is required by Colorado law or industry standards. (Arguello Report, Dkt. 56-2, p. 59; *see also*, Dkt. 75, p. 12).
- The Recommendation cited plaintiffs' allegation that State Farm failed to follow up with the loss of opportunities claim until after litigation was commenced (Dkt. 75, p. 13). Particularly in this case, where the evidence for the loss of opportunities claim was sought both before and after suit but was never timely disclosed (indeed it was claimed to be "lost" (Reply, Dkt. 69, p. 5)), the undisputed facts do not support plaintiffs' claim that

State Farm's actions were not compliant with industry standards.

- The Recommendation cited plaintiffs' allegation that additional follow-up by State Farm could have made a difference as to its assessment of the apportionment of liability between Dr. Knight and CDOT (Dkt. 75, p. 13). However, what the Recommendation does not address is that there was never any impact on State Farm's liability determination pre- or post-suit, which plaintiffs' Response implicitly acknowledged as it only asserted that defendant "did not follow up" on the loss of opportunity claim without saying why not following up was material. (Response, Dkt. 62, p. 18; *see* also, Reply, Dkt. 69, p. 8).
- The Recommendation also cites plaintiffs' allegation that State Farm failed to or did not thoroughly review the medical records (Dkt. 75, p. 14). No record evidence in the Response supported this conclusory assertion. State Farm showed that it did not possess complete medical records to review but that it had reviewed and evaluated the incomplete information claimant sent pre-suit and needed more complete information so that further investigation could be completed. (Reply, Dkt. 69, p. 4).

Finally, for the common law bad faith claim to proceed, the burden was on the plaintiffs to demonstrate to the Court with reference to admissible record evidence that State Farm knew and recklessly disregarded information . *Concrete Works, Inc. v. City & County of Denver,* 36 F.3d 1513, 1517-1518 (10th Cir. 1994) (party without the burden of proof at trial must show the absence of a genuine factual issue, and once properly supported, the burden shifts to the nonmovant to show that summary judgment is not proper); *Wallace v. State Farm Mut. Auto. Ins. Co.,* 2023 U.S. Dist. LEXIS 189350, *17-18 (citing *The Green Earth Wellness Center v. Atain Specialty Ins. Co.*, 163 F. Supp. 3d 821, 836 (D. Colo. 2016)) ("although [plaintiff] raises myriad

issues, they are attorney arguments, not evidence of bad faith. She has also failed to demonstrate that State Farm knew or recklessly disregarded the validity of her claim"); *see also, Martin-Harker v. State Farm Mut. Auto. Ins. Co.*, 23-CV-00629-PAB-STV, 2025 WL 918796, at *8 (D. Colo. Mar. 26, 2025) ("plaintiff has not created a genuine dispute of material fact that defendant recklessly disregarded this information").

This case represents only a dispute over the value placed upon plaintiff's claim, as established by the undisputed facts, and therefore summary judgment is appropriate because plaintiffs' statutory delay and bad faith claims fail as a matter of law. *Bucholtz v. Safeco Ins. Co. of Am.*, 773 P.2d 590, 593 (Colo. App. 1988) (plaintiff "failed to allege any facts showing they were caused by any unreasonable conduct on [insurer's] part or that [insurer] knew or recklessly disregarded the fact that no reasonable basis existed for denying the claim"); *see also, Ramsey v. State Farm Fire & Cas. Co.*, 1:24-CV-00902-SKC-MDB, 2025 WL 2783573, at *3 (D. Colo. Sept. 30, 2025) ("this case merely presents a triable issue over the value of Plaintiff's UIM claim"); *Yale Condominiums Homeowner's Ass'n, Inc. v. Am. Fam. Mut. Ins. Co.*, S.I., 2021 WL 1222518, at *7 (D. Colo. Apr. 1, 2021) (granting summary judgment to insurer on bad faith claim where "unreasonable conduct cannot be established by virtue of a mere disagreement of value between the insured and insurer").

WHEREFORE, State Farm respectfully respects the Court sustain the objections raised herein against the Recommendation, Dkt. 75, and enter judgment in its favor on plaintiffs' claims, or, in the alternative, on plaintiffs' Second and Third claims for relief, and such other and further relief as this Court deems necessary and just.

Dated March 11, 2026.

Respectfully submitted,

*s/ Heather A. Salg*________________
Heather A. Salg
SGR LLC
3900 E. Mexico Ave, #700
Denver, Colorado 80210
HSalg@SGRLLC.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2026, a true and correct copy of the above **OBJECTION** was served via email on all counsel of record via the CM/ECF filing system.

*/s/ Heather A. Salg*
Heather A. Salg