IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00007-JLK-CYC

CONSTANCE KNIGHT,
ROGER KNIGHT,

Plaintiffs,

v.

STATE FARM AUTOMOBILE INSURANCE COMPANY,

Defendant.

---

**SUPPLEMENT TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

A recent case out of the Colorado Supreme Court held that an insurer's failure-to-cooperate defense is subject to Colo. Rev. Stat. § 10-3-1118, but a failure-to-satisfy-condition-precedent defense is not, reversing the judgment of the Colorado Court of Appeals upon which this Court previously relied. Although that changes the terrain of the decision, the road's destination remains the same: two of the grounds the defendant had asserted previously are properly classified in the former category and, while the third fits into the latter one, disputed issues of material fact preclude disposition on summary judgment. The Court therefore maintains its recommendation that the defendant's Motion for Summary Judgment, ECF No. 56, be **DENIED**.

The Court assumes familiarity with its previous Recommendation, *Knight v. State Farm Auto. Ins. Co.*, No. 23-cv-00007-JLK-CYC, 2026 WL 837560 (D. Colo. Feb. 25, 2026), and gives a briefer background here. In 2018, plaintiff Dr. Constance Knight was injured in an

automobile accident caused by a non-party at-fault driver. *Id.* at *2. She recovered the policy limit from that driver's insurance carrier and sought underinsured motorist ("UIM") benefits from the defendant, seeking reimbursement for medical expenses and lost wage opportunities. *See id.* at *2–3. Regarding the former, from 2020 to 2022, the parties engaged in a back-and-forth about Dr. Knight's medical records. *Id.* at *2. On July 28, 2022, the defendant sent Dr. Knight a letter insisting that she had an obligation to sign a written authorization for medical bills and records, which she provided that day. *Id.* Regarding the latter, in April 2022, the defendant noted that Dr. Knight was seeking $250,000 to $2,000,000 in wage loss opportunities, which relate to certain mineral leases that Dr. Knight was purportedly unable to pursue because of the accident. *See id.* at *3.

On December 9, 2022, the plaintiffs initiated this action, ECF No. 5, which the defendant removed to this Court a month later, ECF No. 1. The defendant moved for summary judgment arguing, among other things, that the plaintiffs failed to cooperate and to comply with conditions precedent by failing to provide medical record releases, a complete list of medical providers, and proof of ownership of mineral leases. *See Knight*, 2026 WL 837560, at *3; ECF No. 56 at 10–11.

In February 2026, the Court recommended that summary judgment be denied as to those defenses for the defendant's failure to comply with Colo. Rev. Stat. § 10-3-1118, a statute specifying conditions with which insurers must comply before asserting a failure-to-cooperate defense. *Knight*, 2026 WL 837560, at *3–5. The Recommendation relied on the Colorado Court of Appeals' decision in *Wenzell v. United Servs. Auto. Ass'n* ("*Wenzell I*"), 552 P.3d 1121 (Colo. App. 2024). *See Knight*, 2026 WL 837560, at *3–5. Two months after the Recommendation, the Colorado Supreme Court reversed that decision. *United Servs. Auto Ass'n v. Wenzell* ("*Wenzell II*"), 588 P.3d 711 (Colo. 2026). The defendant notified the Court of *Wenzell II*, ECF No. 81,

and, on May 20, 2026, the district judge "remanded back" this case for consideration in light of that decision. ECF No. 83 at 2.

There, the Colorado Supreme Court held that "the failure-to-cooperate defense remains distinct from condition-precedent defenses, and only the former is subject to section 1118's procedure." 588 P.3d at 719. Sorting the defendant's defenses into the proper bucket, then, is the Court's first task in applying *Wenzell II*.

To do so, a court examines whether the duty an insurer ascribes to its insured is enumerated in an "additional list of duties designed to assure that the insurer had all the information about the nature of the UIM claim," in which case it is part of a condition-precedent defense. *Wenzell II*, 588 P.3d at 717 (citation modified). Otherwise, it is part of the insured's "general duties of cooperation." *Id.* (quotation marks omitted). Here, there is only one enumerated duty to which the defendant points:

> A ***person*** making claim under:
>
> a. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must:
>
> (3) provide written authorization:
>
> (a) for ***us*** to obtain:
>
> (i) medical bills;
>
> (ii) medical records;
>
> (iii) wage information;
>
> (iv) salary information;
>
> (v) employment information;
>
> (vi) and any other information ***we*** deem necessary to substantiate the claim; and
>
> (b) that does not in any way:
>
> (i) restrict ***us*** from performing ***our*** business functions in obtaining records, information, and data;

> (ii) limit ***our*** ability to use or retain records, information, and data collected or received by ***us***;
>
> (iii) require ***us*** to violate any federal or state law or regulation;
>
> (iv) prevent ***us*** from meeting ***our*** data reporting and data retention obligations to insurance regulators; or
>
> (v) prevent ***us*** from disclosing claim related information and data:

ECF No. 56-1 at 3–4; *see* ECF No. 56 at 2. The enumerated duty contained therein is to "provide written authorization." ECF No. 56-1 at 3. Neither providing a list of medical providers nor providing proof of lease ownership fall in that category. To be sure, the former task is related to providing written authorizations to obtain medical records, but "[h]ad" the defendant "desired to impose a condition, it could have done so by an express term in the policy." *Ahmadi v. Allstate Ins. Co.*, 22 P.3d 576, 578 (Colo. App. 2001) (holding that provision mandating examination under oath of claimant did not also mandate that it be held outside the presence of other claimants). Instead, to assert that the plaintiffs were required to provide a list of medical providers or proof of ownership of mineral leases to recover damages, the defendant must rely on the plaintiffs' general duties to cooperate. Asserting a defense based on those tasks therefore remains subject to the reasoning of the Recommendation.

The defendant's assertion that the plaintiffs failed to provide medical record releases rests on different footing. The plaintiffs' policy explicitly required such provision of them and, as such, Colo. Rev. Stat. § 10-3-1118 does not bar the assertion of a defense that they failed to do so. *See Wenzell II*, 588 P.3d at 719. Because the defendant's motion focused on the provision of the medical-providers list rather than the plaintiff's authorization to obtain medical records, *see, e.g.*, ECF No. 56 at 10, the basis for this defense is not well-developed. Although the defendant indicates that Dr. Knight provided an executed authorization over three years after her automobile accident, *id.* at 9, it never explicitly argues that the timing alone violated the

plaintiff's enumerated duty. Regardless, the plaintiff's expert report — which the defendant cited for its summary of facts, *see Knight*, 2026 WL 837560, at *2 n.1 — makes clear that disputed facts lie at the heart of this defense. It says, for example, that in October 2022, an attorney for the defendant raised issues with plaintiff's counsel about whether a September 26, 2022 letter revoked the plaintiff's earlier authorization for the defendant to obtain medical records. ECF No. 56-2 at 28. In all events, then, the issue is not one appropriate for summary judgment. Instead, to the extent the defendant is to prevail on this defense, it will need to be at trial.

Although by a more circuitous path, *Wenzell II* leads back to the original destination. For the foregoing reasons, which supplement those in the original Recommendation, the Court **RECOMMENDS**[1] that the defendant's Motion for Summary Judgment, ECF No. 56, be **DENIED**.

Respectfully submitted this 27th day of August, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.